STATE OF WEST VIRGINIA

FILED

June 24, 2020

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* C.R. and A.R.

No. 19-0914 (Kanawha County 18-JA-513 and 18-JA-514)


# MEMORANDUM DECISION


Petitioner Mother C.R., by counsel Sandra K. Bullman, appeals the Circuit Court of Kanawha County's September 6, 2019, order terminating her parental rights to C.R. and A.R.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem, Bryan B. Escue, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her additional time for improvement and terminating her parental rights instead of imposing a less-restrictive dispositional alternative.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2018, the DHHR filed an abuse and neglect petition against the parents alleging extensive domestic violence in the home, educational neglect, unsuitable living conditions, substance abuse, and medical neglect due to the parents' failure to obtain proper treatment for C.R. Specifically, C.R. was diagnosed with leukemia on August 7, 2018, after the child's grandmother took him to the emergency room. At that point, hospital staff made referrals to Child Protective Services ("CPS") because the parents were unavailable to consent to treatment. A doctor also informed CPS that "she feared [C.R.]'s chance of survival would be dramatically decreased" if sent home with the parents, while the child had "a very good chance of surviving" if properly cared for. According to the doctor, C.R.'s "home had to be very clean" and his medication

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

regimen had to be strictly followed. Finally, a doctor informed CPS that the hospital would not send home "much needed" pain management medication for C.R. out of fear that the parents would consume it. Petitioner thereafter waived her preliminary hearing. The circuit court then granted petitioner supervised visitation with the children contingent upon clean drug screens and ordered that she participate in parenting and adult life skills education, domestic violence classes, and random drug screens.

In October of 2018, petitioner stipulated to adjudication by admitting that her substance abuse negatively affected her parenting and resulted in neglect. The circuit court granted petitioner a post-adjudicatory improvement period that required she continue participating in the same services previously ordered. However, petitioner testified positive for amphetamine and/or methamphetamine in November of 2018. At a later hearing, the circuit court permitted petitioner's improvement period to continue and ordered that she complete a substance abuse treatment program. The circuit court thereafter permitted petitioner's improvement period to continue at multiple hearings. However, in March of 2019, the circuit court suspended petitioner's visitation with the children until her drug screens were clean due to her having missed multiple screens.

By May of 2019, the DHHR filed a court summary that indicated that petitioner was inconsistent in her parenting services and was inconsistently participating in drug screens. Moreover, the DHHR attempted on several occasions to inquire about petitioner's substance abuse treatment by contacting the treatment program, but were told each time that petitioner had not executed a release and the program was prohibited from saying whether petitioner was enrolled in treatment. Once the DHHR was able to discuss petitioner's treatment with the program, it was revealed that petitioner was not fully compliant with the program's requirements, including a failure to attend individual therapy. Moreover, the DHHR was informed that the program was "not able to reach [petitioner] for a proper patient discharge." Further, the DHHR established that petitioner missed approximately twenty drug screens between May of 2019 and July of 2019. Later that month, the circuit court found that petitioner's improvement period had expired and set the matter for disposition.

At the dispositional hearing in August of 2018, petitioner requested an extension of her post-adjudicatory improvement period. However, on cross-examination, petitioner admitted that she spent the time leading up to the dispositional hearing foregoing the requirements of her improvement period in favor of attempting to obtain a job. Petitioner indicated that she would still attempt to obtain a job if given an extension of her improvement period, despite the fact that this was not a term or condition of the improvement period that needed to be addressed in order to correct the conditions of neglect in the home. Based upon the evidence of petitioner's noncompliance during her improvement period, the circuit court denied her an extension thereof. The circuit court further found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was necessary for the children's welfare. As such, the circuit court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

---

[2]The father's parental rights were also terminated below. According to respondents, the permanency plan for the children is adoption together in their current foster home.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises two assignments of error, both concerning the termination of her parental rights. First, petitioner asserts that she should have been granted an extension of her post-adjudicatory improvement period because she was complying with parenting and adult life skills services and participating in a substance abuse treatment program. As such, she argues it was an abuse of discretion to proceed to termination. However, we find that petitioner is entitled to no relief because the record does not support her assertions.

This Court has established that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . ."). This discretion extends to extensions of improvement periods. *See* W. Va. Code § 49-4-610(6). Additionally, in order to obtain such an extension, that same statute requires the circuit court to find that the parent "has substantially complied with the terms of the improvement period." *Id*. Contrary to petitioner's assertion that she was complying with services, the record shows that the DHHR submitted evidence that petitioner was inconsistent with her parenting services and was difficult for the provider to contact. Further, petitioner missed approximately twenty drug screens in the months leading to the dispositional hearing. Finally, and perhaps most importantly, the record shows that petitioner did not complete her substance abuse treatment. Given her failure to appropriately treat the main issue for which she was adjudicated, it is clear that the circuit court did not abuse its discretion in denying petitioner's request for an extension of her improvement period.

In petitioner's final assignment of error, she argues that the circuit court erred in terminating her parental rights because it could have imposed a less-restrictive alternative. According to petitioner, this would not have been contrary to the children's best interests because they were already placed in the home later approved for permanent placement, meaning their placement would not have been disrupted by granting petitioner an alternative to termination.

Petitioner fails to acknowledge, however, that the circuit court made the requisite findings upon which to base termination. On appeal to this Court, petitioner does not challenge the appropriateness of these findings.

According to West Virginia Code § 49-4-604(b)(6) (2019),[3] a circuit court may terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the child's welfare. In regard to the first finding, the circuit court found that, based upon her failure to fully comply with her improvement period, petitioner failed to follow through with the applicable family case plan. Pursuant to West Virginia Code § 49-4-604(c)(3) (2019), this constitutes a circumstance in which there is no reasonable likelihood conditions of abuse and neglect can be substantially corrected. As set forth above, the circuit court heard ample evidence regarding this finding. While petitioner argues on appeal that she was substantially compliant and completed substance abuse treatment, the record shows that she missed a large number of drug screens, resisted facilitating the DHHR's confirmation of her treatment, was found to be less than fully compliant with the program's requirements, and had not been properly discharged from treatment. Moreover, the circuit court found that termination of petitioner's parental rights was in the children's best interests, given petitioner's failure to fully comply with services and the children's need for permanency.

Further, petitioner's argument on appeal ignores the fact that this Court has held that

> [a]lthough it is sometimes a difficult task, the trial court must accept the fact that the statutory limits on improvement periods (*as well as our case law limiting the right to improvement periods*) dictate that there comes a time for decision, because a child deserves resolution and permanency in his or her life, and because part of that permanency must include at minimum a right to rely on his or her caretakers to be there to provide the basic nurturance of life.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 260, 470 S.E.2d 205, 214 (1996) (emphasis added). Below, petitioner asked the circuit court to prioritize speculative improvement over the child's right to finality. The circuit court refused, and we agree, especially given that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604 (2019)] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(c) (2019)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). As such, it is clear that the circuit court did not err in terminating petitioner's parental rights.

---

[3]Although the Legislature amended West Virginia Code § 49-4-604 effective June 5, 2020, including renumbering the provisions, the amendments do not impact this case.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 6, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**:  June 24, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison